IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

DAVID TERRENCE STEPHENS,
D.O.C. # 059682,

    Plaintiff,

vs.                                                     Case No. 4:16cv756-RH/CAS

WARDEN JOHNSON,

    Defendant.

_____/

## REPORT AND RECOMMENDATION

This civil rights case was initiated by David Terrence Stephens on December 7, 2016. Because Mr. Stephens has attempted to litigate nine prior cases[1] in this year alone, he is well aware of the requirement that he must either submit the filing fee for this case or file a motion requesting in forma pauperis status, demonstrating that he meets the § 1915(g)

---

[1] The cases submitted this year are: (1) case # 4:16cv05-WS-GRJ, filed on 01/05/16 and closed 02/01/16; (2) case # 4:16cv88-MW-CAS, filed on 02/11/16 and closed 03/11/16; (3) case # 4:16cv173-MW-CAS, filed on 03/18/16 and closed 05/17/16; (4) case # 4:16cv316-WS-CAS, filed on 05/31/16 and closed 07/11/16; (5) case # 4:16cv465-RH-CAS, filed on 07/22/16 and closed 10/24/16; (6) case # 4:16cv473-WS-CAS, filed on 07/28/16 and closed 10/03/16; (7) case # 4:16cv663-RH-CAS, filed on 10/18/16 and closed 12/06/16; (8) case # 4:16cv664-MW-CAS, filed on 10/18/16 with dismissal still pending; and (9) case # 4:16cv665-RH-CAS, filed on 10/18/16 and closed 12/06/16.

exception, that is: he is under "imminent danger of serious physical injury." Because he did not do so, this case should be summarily dismissed.

Moreover, all but one of the cases Mr. Stephens previously attempted to file have been summarily dismissed for the same reason: Mr. Stephens has "three strikes" under 28 U.S.C. § 1915(g). None of the complaints come within the exception to the three strikes bar. This case does not do so either as Mr. Stephens complains of events in 2005.

Because Mr. Stephens did not pay the filing fee for this case and his complaint does not allege facts demonstrating he is under imminent danger of serious physical injury as required by Rule 8(a) and 28 U.S.C. § 1915(g), this case should be dismissed.

## RECOMMENDATION

It is **RECOMMENDED** that this case be **DISMISSED** pursuant to 28 U.S.C. § 1915(g) as Mr. Stephens has more than "three strikes" under § 1915(g)[2] and the instant complaint does not demonstrate that he is in imminent danger of serious physical injury. Any and all pending motions

---

[2] Prior cases filed by Mr. Stephens and dismissed by the Middle District of Florida as either frivolous, malicious, or for failure to state a claim include: case # 6:01cv1512, case # 6:04cv695, case # 6:04cv811, case # 8:06cv319, case # 6:07cv536, case # 8:09cv194, and case # 8:11cv1342. *See* case # 8:13cv1397. Additionally, Mr. Stephens has had cases dismissed under § 1915(g) including, but not limited to: case # 8:14cv1861, case # 8:14cv553, and case # 8:13cv1397.

should be **DENIED**.  It is further **RECOMMENDED** that the Order adopting this Report and Recommendation direct the Clerk of Court to note on the docket that this case was dismissed pursuant to 28 U.S.C. § 1915(g).

**IN CHAMBERS** at Tallahassee, Florida, on December 12, 2016.

 S/    Charles A. Stampelos  
**CHARLES A. STAMPELOS**  
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations.  Fed. R. Civ. P. 72(b)(2).  A copy of the objections shall be served upon all other parties.  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  Fed. R. Civ. P. 72(b)(2).  <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u>  If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.